# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOHNNY Z TREVINO, | § | |
| *Plaintiff,* | § | SA-18-CV-00898-DAE |
| vs. | § | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, DEBORAH MARTIN, SUBSTITUTE TRUSTEE; | § | |
| *Defendants.* | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

**To the Honorable United States District Judge David A. Ezra:**

This Report and Recommendation concerns Defendant's Motion for Summary Judgment [#18] and Third-Party Plaintiff's Request for Default Judgment Against Third-Party Defendant [#21]. The motions were referred to the undersigned for a report and recommendation on July 10, 2019, and the undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

Defendant's motion for summary judgment was filed on June 21, 2019 and served electronically on Plaintiff through his counsel. According to this Court's Local Rules, Plaintiff's response to Defendant's motion was due within 14 days of the motion's filing, on or before July 5, 2019. *See* Loc. R. CV-7(e) (responses to dispositive motions due within 14 days of motion's filing). To date, Plaintiff has not filed a response to the motion. Pursuant to Local Rule CV-7(e), if there is no response filed within the time period prescribed by the rules, the court may grant the motion as unopposed. However, because it is a dispositive motion, the undersigned will nevertheless evaluate its merits.

Nor has Third-Party Defendant Eva Trevino filed an answer to the Third-Party Complaint filed by Defendant. Eva Trevino was served with the Third-Party Complaint by publication. Now Defendant's motion for default judgment is pending before the Court. In light of Plaintiff Johnny Trevino's and Third-Party Defendant Eva Trevino's failure to respond and for the reasons set forth below, the undersigned recommends the motions be granted.

## I. Procedural Background

The record reflects that Plaintiff Johnny Trevino originally filed this action in state court in Bexar County on August 6, 2018 against Defendants Deutsche Bank ("Deutsche Bank") and Substitute Trustee Deborah Martin, contesting foreclosure proceedings as to property located at 221 Lovett Avenue, San Antonio, Texas 78211. (Orig. Pet. [#1-4].) Mr. Trevino alleges that he defaulted on his mortgage loan and Defendants breached the note and deed of trust by refusing to negotiate with him or to allow him to cure his default, by failing to send proper and timely notice of default, and by accelerating his loan and proceeding with foreclosure in violation of the Texas Property Code. Mr. Trevino's Petition asserts a claim of breach of contract against Defendants and alleges that Defendants waived their right to accelerate and foreclose on the loan by repeatedly accepting late payments.

Deutsche Bank removed the Petition to this Court on August 29, 2018 on the basis of diversity jurisdiction, alleging that the Substitute Trustee was improperly joined and her citizenship should not be considered for purposes of evaluating diversity [#1]. Removal was not contested, and the Bank filed a Counterclaim against Mr. Trevino [#7] and a Third-Party Complaint against his wife, Eva Trevino, also a party to the loan and deed of trust at tissue, for an order authorizing judicial foreclosure [#9]. After attempting to serve and locate Ms. Trevino unsuccessfully, Deutsche Bank moved for an order authorizing alternative service through

publication. Although the Court at first denied the motion and ordered further diligence in attempting to locate Ms. Trevino, the Court ultimately ordered service by publication [#16].

The Third-Party Complaint was published weekly in the Hart Beat, a newspaper of general circulation published in the City of San Antonio, for four weeks from May 10, 2019 to May 31, 2019 [#17-1]. After Ms. Trevino failed to respond to the Third-Party Complaint, Deutsche Bank moved for a Clerk's Entry of Default, which was granted and entered on July 2, 2019 [#20]. Deutsche Bank has now moved for summary judgment on all causes of action asserted by Mr. Trevino, as well as on Deutsche Bank's counterclaim seeking a judgment authorizing foreclosure against Mr. Trevino. Deutsche Bank has also moved for a final default judgment against Ms. Trevino on its Third-Party Complaint.

## II.  Summary Judgment Record

The summary judgment record establishes that on or about October 27, 2004, Mr. Trevino and his spouse, Eva Trevino, executed a $57,600.00 Texas Home Equity Note in favor of Long Beach Mortgage Company, the original lender, and its assigns. (Note [#18-1] at 4–8.) On the same date, the Trevinos executed a Texas Home Equity Security Instrument, i.e., a Deed of Trust, that was recorded in the real property records of Bexar County, Texas as Document Number 20040252586 establishing a first-year lien on real property located at 221 Lovett Avenue, San Antonio, Texas 78211. (Deed of Trust [#18-1] at 9–20.) The note and deed of trust are collectively referred to herein as "the loan."

On August 25, 2008, the Trevinos executed a loan modification agreement with a new monthly payment of principal and interest in the amount of $457.14 beginning October 1, 2008. (Loan Modification Agreement [#18-1] at 21–26.) On October 5, 2010, JPMorgan Chase Bank National Association, as successor in interest to Long Beach, assigned the Deed of Trust to

Deutsche Bank by an assignment recorded in the real property records of Bexar County, Texas as Document Number 20100183036. (Assignment [#18-1] at 27.)

The Trevinos defaulted on their loan payments, and on November 15, 2017, Select Portfolio Services, acting as mortgage loan service for Deutsche Bank, sent a notice of default to the Trevinos at their last known address (221 Lovett Avenue) by certified mail informing them that the payment required to cure the default to date was $6,278.64. (Notice of Default [#18-1] at 31–34.) Then, on January 25, 2018, the law firm retained by Select Portfolio Servicing sent a notice of acceleration by certified mail to the last known address of the Trevinos (221 Lovett Avenue), informing them that Deutsche Bank was initiating foreclosure proceedings due to the failure to cure the default on the loan at issue. (Notice of Acceleration [#18-1] at 35–39.) On March 20, 2019, Select Portfolio Servicing sent the Trevinos a letter informing them that the total amount required to cure the default and reinstate the loan was $23,747.21 and the final payoff amount on the loan was $72,725.26. (Reinstatement Ltr. [#18-1] at 55–61.)

### III. Analysis

**A.    Summary Judgment**

Deutsche Bank moves for summary judgment as to all of the claims asserted by Mr. Trevino in his Original Petition filed in state court and as to its Counterclaim against Mr. Trevino to authorize the foreclosure of the property at issue in this lawsuit. The motion should be granted.

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S.

4

317, 322 (1986); *see also* Fed. R. Civ. P. 56(c). A dispute is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323. Once the movant carries its burden, the burden shifts to the nonmoving party to establish the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wise v. E.I. Dupont de Nemours & Co.*, 58 F.3d 193, 195 (5th Cir. 1995). The non-movant must respond to the motion by setting forth particular facts indicating that there is a genuine issue for trial. *Miss. River Basin Alliance v. Westphal*, 230 F.3d 170, 174 (5th Cir. 2000). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). The Court will view the summary judgment evidence in the light most favorable to the non-movant. *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993).

The only cause of action asserted by Mr. Trevino in his Original Petition is a claim of breach of contract. The elements of a breach of contract claim are (1) a valid contract; (2) the plaintiff performed or tendered performance; (3) the defendant breached the contract; and (4) the plaintiff was damaged as a result of the breach. *McLaughlin, Inc. v. Northstar Drilling Techs., Inc.*, 138 S.W.3d 24, 27 (Tex. App.—San Antonio 2004, no pet.). Mr. Trevino's breach-of-contract claim is predicated on the allegation that Deutsche Bank never provided the Trevinos with notice of default, an opportunity to cure the default, and a notice of intent to accelerate their loan. These allegations cannot sustain Mr. Trevino's breach-of-contract claim because Deutsche

Bank has provided the Court with competent evidence that it mailed the Trevinos, through its mortgage servicer Select Portfolio Services, a notice of default, which provided information about curing the default, as well as a notice of Deutsche Bank's intent to accelerate the loan. (Notice of Default [#18-1] at 31–34; Notice of Acceleration [#18-1] at 35–39.) Because Mr. Trevino has not responded to Deutsche Bank's motion for summary judgment, there is no contrary evidence before the Court to raise a genuine dispute as whether these notices were sent and whether, as Mr. Trevino alleges, the Trevinos requested an opportunity to cure the default, but the request was ignored by the bank.

Moreover, insofar as Mr. Trevino is attempting to assert a claim for wrongful foreclosure against Deutsche Bank based on violations of the notice requirements codified at Section 51.002 of the Texas Property Code, this claim fails as well. Section 51.002 governs foreclosure procedures under Texas law, and statutory claims under Section 51.002 may arise only after the completion of the foreclosure. *Denley v. Vericrest Fin., Inc.*, No. CIV.A. H-12-992, 2012 WL 2368325, at *3 (S.D. Tex. June 21, 2012); *see also Kew v. Bank of America, N.A.*, No. H–11–2824, 2012 WL 1414978, at *6 (S.D. Tex. Apr. 23, 2012) (Rosenthal, J.) ("Because § 51.002 outlines the procedures for conducting a foreclosure sale, claims for violating its notice requirements are cognizable only after a foreclosure."). There is no evidence in the record suggesting that a foreclosure sale has already occurred in this case.

Finally, Mr. Trevino's allegation that Deutsche Bank waived its right to foreclose by accepting late payments from the Trevinos is not supported by the language in the deed of trust executed by the Trevinos. Section 10 of the deed of trust expressly states that a modification of the loan or an extension of time for payment "shall not operate to release the liability of Borrower." (Deed of Trust [#18-1] at 12.) Because Mr. Trevino has failed to raise a genuine

6

issue of material fact on his breach-of-contract claim or provide any basis for contesting foreclosure, Deutsche Bank's motion for summary judgment should be granted.

**B.    Default Judgment**

Deutsche Bank, as Third-Party Plaintiff, moves for a default judgment against Eva Trevino as to its request for an order authorizing foreclosure of the property at issue in this suit. The motion should be granted.

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Once default has been entered, the court may enter a default judgment against the defaulting defendant upon motion by the plaintiff. Fed. R. Civ. P. 55(b); *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). In considering a motion for default judgment, the court accepts as true the well-pleaded allegations of facts in the complaint (except regarding damages) but must determine whether those facts state a claim upon which relief may be granted. *See United States ex rel. M-Co. Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987); *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Thus, for a plaintiff to obtain a default judgment, "[t]here must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu,* 515 F.2d at 1206; *see also Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) ("[A] party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default.") (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)). A defaulting party is deemed to have admitted all well-pleaded allegations of the complaint. *Matter of Dierschke*, 975 F.2d 181, 185 (5th Cir. 1992).

As previously stated, the record reflects that Ms. Trevino has not filed an answer or otherwise responded to defend Deutsche Bank's Third-Party Complaint filed against her. Accordingly, the undersigned finds that the Clerk properly entered default, and Deutsche Bank is entitled to a default judgment if the facts alleged in Deutsche Bank's Third-Party Complaint state a claim upon which relief may be granted. *See United States ex rel. M-Co. Constr., Inc.*, 814 F.2d at 1014.

Again, Deutsche Banks seeks a declaratory judgment authorizing foreclosure of property located at 221 Lovett Avenue, San Antonio, Texas 78211. The allegations in Deutsche Bank's Third-Party Complaint, which are deemed admitted by Ms. Trevino, establish that the Trevinos defaulted on the loan executed in connection with their purchase of the subject property; Deutsche Bank (through its mortgage servicer) notified them of the default, of the acceleration of the loan, and the scheduled foreclosure sale; and the Trevinos did not cure the default. (Third-Party Compl. [#9] at ¶¶ 5–18.) Based on these well-pleaded allegations, as well as the summary-judgment evidence provided to the Court, the undersigned concludes that Deutsche Bank is entitled to the default judgment it seeks.

## IV. Conclusion and Recommendation

Having considered Defendant's motion for summary judgment and Third-Party Plaintiff's motion for default judgment, the lack of response by Plaintiff and Third-Party Defendant thereto, the governing law, and the procedural and evidentiary record in this case, the undersigned recommends that Defendant's Motion for Summary Judgment [#18] and Third-Party Plaintiff's Request for Default Judgment Against Third-Party Defendant [#21] be **GRANTED** as follows:

- The Court should award Defendant Deutsche Bank National Trust Company summary judgment as to all claims asserted by Plaintiff in this lawsuit and as to

- Deutsche Bank's Counterclaim and order that the foreclosure of Plaintiff's property be authorized as set forth in the proposed order attached to Defendant's motion [#18-3].

- The Court should also award Deutsche Bank National Trust Company, as Third-Party Plaintiff, a default judgment against Third-Party Defendant Eva Trevino and issue the final default judgment as set forth in the proposed order attached to Third-Party Plaintiff's motion [#21-3].

### V. Instructions for Service and Notice of Right to Object/Appeal.

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415,

1428–29 (5th Cir. 1996) (en banc).

SIGNED this 26th day of July, 2019.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE